UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SIMONS,<br><br>        Plaintiff,<br><br>   vs.<br><br>J. SUNDARAM, et al.,<br><br>        Defendants. | 1:15-cv-00130-GSA-PC<br><br>**<u>SCREENING ORDER</u>**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

**I.    BACKGROUND**

Michael Simons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 26, 2015.  (ECF No. 1.)

On February 13, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The court screened the Complaint and issued an order on November 25, 2015, finding that Plaintiff stated cognizable medical claims against defendants Sundaram and Ugueze, in violation of the Eighth Amendment.  (ECF No. 10.)  Plaintiff was granted thirty days in which to <u>either</u>: (1) file a First Amended Complaint; <u>or</u> (2) notify the Court that he is willing to proceed only with the claims found cognizable by the Court.  (<u>Id.</u>)

On December 31, 2015, Plaintiff filed <u>both</u> a First Amended Complaint <u>and</u> a notice that he is willing to proceed only with the cognizable claims. (ECF Nos. 11, 12.)  On October 21, 2016, the court issued an order requesting clarification from Plaintiff whether (1) he intends to proceed only against defendants Sundaram and Ugueze on the medical claims found cognizable by the Court in the original Complaint filed on January 26, 2015 (ECF No. 1); or (2) he intends to proceed with the First Amended Complaint filed on December 21, 2015.  (ECF No. 14.)  On March 3, 2017, Plaintiff filed a response to the order, stating, "I would like to go forward with the case that includes Majid Rahimfar." (ECF No. 19.)  The First Amended Complaint names Majid Rahimfar as a defendant.  Therefore, Plaintiff has clarified that he wishes to proceed with the First Amended Complaint which is now before the court for screening. (ECF No. 11.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, where the events at issue allegedly occurred. Plaintiff names as defendants Dr. J. Sundaram (primary care physician), Dr. Majid Rahimifar (neurosurgeon), and Chief Medical Executive G. Ugueze (collectively, "Defendants").

Plaintiff's allegations follow, in their entirety.

> J. Sundaram failed to speed up the process and treat me urgently. When Rahimifar performed my surgery, he failed to see me in an urgent manner. J. Sundaram also failed to see my disposition (*sic*) on the surgeons, failing to do all within his power to treat me and get a second opinion within a timely manner. Rahimifar failed to see me after the surgery in any manner, and released. Also failed post-aftercare to see me to find out any complications I may have – and developed complicated malfunctions due to neglect. G. Ugueze failed to step in any way to speed up my medical process/emergency. He ignored all my pleas for help in the 602 appeals. Delaying my possible treatments in paralysis/vocal damages and dislodged hardware after surgery claims. In spite of the numerous written and verbal request[s] on 602 medical appeals, 7362's, and form 22 for interview.

(ECF No. 11 at 3-4.)

Plaintiff seeks monetary damages and injunctive relief.

### IV. PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386,

393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974

F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

///

**V.   DISCUSSION**

Plaintiff fails to state any claims in the First Amended Complaint against any of the Defendants upon which relief may be granted under § 1983.  As compared to the original Complaint, Plaintiff alleges few facts and has not demonstrated that any of the Defendants acted with deliberate indifference while treating Plaintiff.  Before Plaintiff prepares another amended complaint, Plaintiff should read this order and review his original Complaint to see how he alleged more detailed facts there.

In the First Amended Complaint, Plaintiff alleges that he had urgent surgery, but he does not indicate what type of surgery he had or sufficiently explain what happened to him.  He does not allege facts demonstrating that any of the individual Defendants knew about a substantial risk of serious harm to Plaintiff's health and yet consciously disregarded the risk, causing Plaintiff injury.

Plaintiff shall be granted leave to file a Second Amended Complaint, curing the deficiencies described above.

**VI.   CONCLUSION AND ORDER**

The court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.  The court will dismiss the First Amended Complaint and give Plaintiff leave to file a Second Amended Complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Accordingly, the court will provide Plaintiff an opportunity to file another amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file the Second Amended Complaint within thirty days.

The Second Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934.  Plaintiff must explain what he saw, heard, or otherwise experienced, showing how each Defendant acted to violate his rights.  Plaintiff must

///

demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added). Plaintiff must also state <u>when</u> the allegations took place and <u>when</u> each Defendant acted against him.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a Second Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:15-cv-00130-GSA-PC; and
5. If Plaintiff fails to file a Second Amended Complaint within 30 days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 15, 2017**             **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE