UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SIMONS,<br><br>           Plaintiff,<br><br>    vs.<br><br>J. SUNDARAM, et al.,<br><br>           Defendants. | 1:15-cv-00130-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br>(ECF No. 11.)<br><br>ORDER THAT THIS CASE IS SUBJECT TO THE "THREE STRIKES" PROVISION SET FORTH IN § 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.    BACKGROUND AND DISCUSSION**

Michael Simons ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On January 26, 2015, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On February 13, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened Plaintiff's Complaint and issued an order on November 24, 2015, requiring Plaintiff to <u>either</u> file an amended complaint <u>or</u> notify the court that he is willing to proceed with the claims found cognizable by the court. (ECF No. 10.) On December 31, 2015, Plaintiff filed <u>both</u> a First Amended Complaint and a notice that he is willing to proceed only with the cognizable claims. (ECF Nos. 11, 12.) On October 21, 2016, the court issued an order requesting clarification from Plaintiff whether (1) he intends to proceed only against defendants

1

Sundaram and Ugueze on the medical claims found cognizable by the Court in the original Complaint filed on January 26, 2015 (ECF No. 1); or (2) he intends to proceed with the First Amended Complaint filed on December 21, 2015. (ECF No. 14.) On March 3, 2017, Plaintiff filed a response to the order, stating, "I would like to go forward with the case that includes Majid Rahimfar." (ECF No. 19.) The First Amended Complaint names Majid Rahimfar as a defendant. Therefore, Plaintiff clarified that he wishes to proceed with the First Amended Complaint. (ECF No. 11.)

The court screened the First Amended Complaint and issued an order on March 15, 2017, dismissing the First Amended Complaint for failure to state a claim, with leave to file a Second Amended Complaint within thirty days. (ECF No. 20.) The thirty-day time period has expired and Plaintiff has not filed a Second Amended Complaint or otherwise responded to the court's order. As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

Accordingly, this case shall be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983.

## II. CONCLUSION

Therefore, based on the foregoing, it is **HEREBY ORDERED** that:

1. This action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**April 28, 2017**__          __/s/ Gary S. Austin__
                                       UNITED STATES MAGISTRATE JUDGE